UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTILLAN,<br><br>    Defendant. | No. 1:16-cv-00587 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Senarble Campbell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 26, 2016. Plaintiff names Corcoran State Prison ("CSP") L.S.W. Laura Santillan as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 11, 2016.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff is currently incarcerated at CSP, where the events at issue occurred.

Plaintiff alleges that on November 10, 2015, Defendant deliberately falsified mental health documents with the intent to punish him. Defendant stated that on November 10, 2015, she came to Plaintiff's cell to conduct a mental health assessment for a pending Rules Violation Report ("RVR") related to an October 21, 2015, cell extraction.

On November 12, 2015, Plaintiff submitted an appeal due to Defendant's falsification of documents.

On December 14, 2015, Plaintiff was interviewed by B. Adam, Ph.D., about his appeal. Plaintiff explained to Dr. Adam that there was no way that Defendant could have conducted an interview on November 10, 2015, because Plaintiff was not in his cell. Plaintiff told Dr. Adam that he could easily check the log books to see what time Plaintiff left the building for an x-ray, and what time he returned. Dr. Adam told Plaintiff that this was not his job. Dr. Adam also told Plaintiff that the documents [Plaintiff] provided show that he was seen on November 10, 2015, at 8:49 a.m., and that the duration of the medical appointment was fifteen minutes.

On December 20, 2015, Plaintiff submitted an inmate request for interview to Sgt. Bueno asking how he could get the exact time he left and returned after his x-rays on November 10, 2015. Sgt. Bueno had one of his officers check the building's log book and responded to Plaintiff's request- "Out to CTC at 11/10/15- 08:05, back from CTC 11/10/15- 11:30." ECF No. 1, at 4-5.

The RVR hearing took place on December 30, 2015, and Plaintiff told the hearing officer that he did not have a mental health assessment. The officer stated that she had a copy of the assessment that took place on November 10, 2015, signed by Defendant. Plaintiff said that Defendant falsified the document and that he filed an appeal against her on November 12, 2015. Plaintiff told the officer that he wasn't in his cell at the time Defendant claims she interviewed him. The officer said that she could only go by what she had, which was the mental health assessment performed by Defendant.

Plaintiff contends that the false assessment played a "very important role" in the determination of guilt and related punishment. ECF No. 1, at 5.

**C.     DISCUSSION**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at

least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Here, Plaintiff contends that Defendant's allegedly false mental health assessment impacted the outcome of his hearing, as well as the resulting punishment. As explained above, prison disciplinary proceedings are entitled to minimal due process, and the allegedly false mental health assessment did not impact any of the five Wolff requirements.

However, due process also requires "some evidence" with "some indicia of reliability." Hill, 472 U.S. at 455; Cato, 824 F.2d at 705. Reliance on an allegedly false mental health assessment could state a claim under Hill, though Plaintiff's allegations are insufficient to do so at this time. For example, Plaintiff does not indicate that the assessment was the *only* evidence relied upon at his hearing, nor does he explain the exact impact of the consideration of the assessment. While he states that the assessment played a "very important role" in the determination of guilt and related punishment, this is too vague to state a due process claim.

Moreover, the correct defendant in a due process claim would be the hearing officer who considered the assessment and ruled on Plaintiff's RVR. To the extent that Plaintiff attempts to

state a claim against Defendant for writing the allegedly false mental health assessment, a false assessment, alone, does not state a claim under section 1983.  See e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)).

Plaintiff therefore fails to state a claim for relief.

**D.**     **ORDER**

Plaintiff's complaint does not state any cognizable claims.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **June 17, 2016**                    /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE